# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PEDRO MARTINEZ-TOMAS,<br><br>Defendant. | CASE NO. 19cr4847-LAB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF DETENTION ORDER [Dkt. 28]** |

Currently before the Court is Defendant Pedro Martinez-Tomas's Motion for Reconsideration of the Court's Detention Order. Dkt. 28.[1] For the reasons below, that Motion is **DENIED.**

Defendant is a Mexican national charged with violation of 8 U.S.C. § 1326, reentry of a removed alien. At Defendant's initial appearance on November 15, 2019, Magistrate Judge Andrew Schopler ordered him detained, finding that Defendant posed a "serious flight risk." Dkt. 6. And for good reason: Defendant has four prior removals and two prior

---

[1] On April 13, 2020, the Court denied Defendant's motion without prejudice, finding that it was not an exempted matter under Order of the Chief Judge 22. Dkt. 31. A panel of the Ninth Circuit has reversed that decision and ordered the Court to rule on the motion "promptly." Dkt. 35. The parties now agree that a hearing is unnecessary and that the Court may rule on the papers. *Id.*

- 1 -

1 convictions, including a 2010 conviction for alien smuggling and a 2015 conviction for illegal
2 reentry. *Id.*

3 Now, however, Defendant argues that the Court's previous detention order should
4 be reconsidered. Specifically, Defendant argues that he is uniquely at risk for contracting
5 coronavirus because he speaks only Nahuatl, an indigenous language, and is therefore
6 unable to understand the instructions given to inmates at his detention center, which are
7 delivered only in English and Spanish. He concedes that he "has no known health
8 conditions that place him at a particularly high risk of hospitalization or death" as a result of
9 coronavirus, so the outcome of the motion largely turns on whether Defendant's language
10 barrier warrants revising his detention order. Motion, Dkt. 28, at 7.

11 On the record before it, the Court cannot find a good reason to revise Defendant's
12 detention order. 18 U.S.C. § 3142(g) sets forth the factors that courts are to consider in
13 determining whether "there are conditions of release that will reasonably assure the
14 appearance of the person as required." These factors include, among others, (1) "the nature
15 and circumstances of the offense charged," (2) the "weight of the evidence against" the
16 defendant, and (3) the "history and characteristics" of the defendant, including his
17 "character, physical and mental condition, family ties, employment, financial resources,
18 length of residence in the community, community ties, past conduct, history relating to drug
19 or alcohol abuse, criminal history, and record concerning appearance at court proceedings."
20 *Id.* None of these factors have changed in the months since the Court ordered Defendant
21 detained. Most significantly, Defendant's prior record and the lengthy sentence he now
22 faces if convicted both suggest that he poses a substantial flight risk. As discussed above,
23 Defendant has four prior removals and two prior convictions. One of those convictions, alien
24 smuggling, is an aggravated felony, which means that Defendant now faces a sentence of
25 up to 20 years in custody if convicted. Facing that kind of time, and in light of his criminal
26 history and lack of any ties to the United States, the Court finds that Defendant still presents
27 a substantial flight risk.
28

Keenly aware that Defendant has all the hallmarks of a flight risk, his counsel now suggests that a modest bond of $5,000—posted by The Bail Project, a nonprofit—is sufficient to ensure his appearance.  The Court disagrees.  Defendant has no apparent connection to the Bail Project, and there's little reason to think some abstract concept of fealty to the organization would override his clear interest here: absconding and avoiding a lengthy prison sentence.  Defense counsel's representations that they are willing to foot the bill for Defendant's room and board are not supported by declarations or evidence.  This is particularly problematic given that Defendant's trial could be postponed indefinitely in light of the pandemic.  Based on all the factors above, the Court finds by a preponderance of the evidence that Defendant poses a flight risk and that no condition or combination of conditions of release will reasonably assure his appearance as required.  18 U.S.C. § 3142(g).

The coronavirus pandemic doesn't alter this calculus.  Although the Court appreciates the risks coronavirus poses to inmates in detention centers, it is not at liberty to order pretrial release "just because of the current pandemic's generic risks, . . . [n]o matter the heightened risks intrinsic to prison populations as a matter of public health."  *United States v. Villegas*, 2020 WL 1649520, at *2 (C.D. Cal. 2020).  By all accounts, Defendant is a "generic detainee, in that he claims neither to have contracted the virus nor to suffer from any underlying health issues placing him at greater risk than anyone else in Government custody. . . .  If he's entitled to relief, who isn't?"  *Lopez-Marroquin v. Barr*, Order, 18-72922 (9th Cir. April 9, 2020) (Callahan, J., dissenting).  His inability to speak English or Spanish may make his subjective experience in custody more unpleasant, but Defendant has not shown that his language barrier puts him at greater objective risk of contracting or suffering complications from coronavirus.

/ / /

/ / /

/ / /

/ / /

In short, even in light of the coronavirus considerations, the Court finds by a preponderance of the evidence that the section 3142(g) factors still counsel in favor of detention. Defendant's motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: May 5, 2020

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge